**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Sunrise International Leasing Corporation,**

**Plaintiff,**

**v.**

**Frontline Communications International Inc.,**

**Defendant.**

**Civil No. 00-2587 JMR/SRN**

**NOTICE OF FINAL SETTLEMENT CONFERENCE**

**Sunrise International Leasing Corporation,**

**Plaintiff,**

**v.**

**Caribe Direct, Inc.,**

**Defendant.**

**Civil No. 00-2759 JMR/SRN**

A final settlement conference will be held in the above-referenced matters on **March 14, 2002, at 9:30 a.m.**, in Suite 242, Federal Building, 316 South Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the

FILED JAN 0 7 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_________
DEPUTY CLERK_________

power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

Trial counsel shall meet in person with one another on or before **February 28, 2002,** to seek to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **March 7, 2002**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5) a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

DATED: January 7, 2002.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge